SUMMARY ORDER
Defendant-Appellant Anthony Harry was convicted in a jury trial in the United States District Court for the Southern District of New York (Hood, J.) of one count of threatening to assault, kidnap, or murder a United States judge with the intent to retaliate against that judge on account of his performance of official duties, in violation of 18 U.S.C. § 115(a)(1)(B). On appeal, Harry argues that the Government prosecutor deliberately made several misstatements of the evidence in her summation and rebuttal summation, thereby denying Harry a fair trial. We assume the parties’ familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.
“The government has broad latitude in the inferences it may reasonably suggest to the jury during summation.” United States v. Casamento, 887 F.2d 1141, 1189 (2d Cir.1989). While it may not refer to facts that are not in the record or misstate evidence, United States v. Suarez, 588 F.2d 352, 354 (2d Cir.1978), the government may suggest to the jury inferences that can be fairly drawn from the evidence, Casamento, 887 F.2d at 1189. The Government did not transgress this standard at Harry’s jury trial. All of the allegedly improper statements Harry identifies are supported by evidence in the trial record and constitute permissible inferences that the prosecutor was allowed to argue to the jury.
Moreover, we note that in asserting that his conviction should be set aside, Harry faces a “heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right to a fair trial.” United States v. Locascio, 6 F.3d 924, 945 (2d Cir.1993). In evaluating such a claim, we consider (1) the severity of the alleged misconduct, (2) the curative measures taken, and (3) the likelihood of conviction absent any misconduct. Id. at 945-46. Even assuming that the prosecutor’s comments were improper, they do not amount to “egregious misconduct,” United States v. Shareef, 190 F.3d 71, 78 (2d Cir.1999) (internal quotation marks omitted), and therefore Harry’s conviction stands.
We have considered all of Harry’s arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.